IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 99-CR-0033-005-TCK |
| v. | ) | |
| | ) | USM Number: 08506-062 |
| **DRICK EUGENE WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is the motion of Defendant to reconsider denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 743). In February 2008 Defendant moved for modification of sentence pursuant to § 3582(c), based on retroactive Amendment 706 (Doc. 697). The Court denied the motion as moot because the statutory maximum sentence was less than the minimum of the revised guideline range determined under Amendment 706 (Doc. 700). Defendant then moved for reconsideration of the Court's denial of his motion (Doc. 705), based on application of USSG §1B1.10(b)(2)(B), which provides that in a case where the original term of imprisonment is less than the term of imprisonment provided by the guideline range applicable at the time of sentencing, a reduction comparably less than the amended guideline range may be appropriate. Defendant interpreted the §1B1.10(b)(2)(B) exception to include a situation where, such as in his case, the applicable guideline range exceeded the statutory maximum sentence, resulting in a term of imprisonment that was less than the term of imprisonment provided by the calculated guideline range. The Court denied Defendant's motion to reconsider (Doc. 707), finding that the purpose of §1B1.10(b)(2)(B) was to permit a sentencing Court, in consideration of a § 3582(c) sentence modification, the option to further reduce an imprisonment term comparable with the original

sentence reduction based on a downward departure or sentencing variance. The Court found that, contrary to Defendant's argument, §1B1.10(b)(2)(B) did not provide a means for imposition of a sentence below the statutory maximum in a case where the applicable sentencing range exceeded the statutory maximum.

Defendant moves once again for reconsideration, offering the same argument that §1B1.10(b)(2)(B) is applicable and permits imposition of a lesser sentence. Defendant relies on United States v. Jones, 351 Fed. Appx. 256, (10th Cir. 2009) (unpublished) (remanded with instructions for the district court to exercise its discretion to further reduce sentence pursuant to §1B1.10(b)(2)(B)). This issue is settled. In United States v. Williams, 298 Fed. Appx. 708, 710 (10th Cir. 2008) (unpublished), the Tenth Circuit affirmed the denial of Defendant's § 3582(c) motion, ruling:

> Contrary to his argument that Amendment 706 entitles him to a reduction of his statutory-maximum sentence, Mr. Williams does not fall within the situation covered by U.S.S.G. §1B1.10(b)(2)(B). That section does not address a sentence to the statutory maximum. Rather, '[p]ursuant to U.S.S.G. § 5G1.1(a), if a statutory maximum sentence is less than the minimum of the applicable Guideline range, the statutory maximum sentence shall constitute the recommended sentence under the Guidelines.' Unites States v. Benally, 541 F.3d 990, 993 (10th Cir. 2008). Because Mr. Williams' minimum Guideline sentence, even after Amendment 706, was more than the statutory maximum sentence, he is not entitled to a sentence reduction.

Defendant's reliance on Jones is misplaced, because unlike this case, the original sentence in Jones was the result of a downward departure from the then applicable guideline range. See Jones at 256 n.1.

**IT IS THEREFORE ORDERED** that Defendant's motion to reconsider denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 743), is **denied**.

**DATED** this 8th day of June, 2010.

                                             *Terence Kern*
                                             **TERENCE KERN**
                                             **United States District Judge**