# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 99-CR-0033-005-TCK |
| v. | ) | |
| | ) | USM Number: 08506-062 |
| **DRICK EUGENE WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is the motion of defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c) and retroactive Amendment 750 (Doc. 747). In his motion, defendant presents two arguments that he believes provide for a reduced sentence. Defendant argues the Court should apply the amendment to compute a reduced base offense level, but not apply any sentencing enhancement, to arrive at a reduced guideline range of 168 to 210 months. In the alternative, defendant contends that USSG § 1B1.10(b)(2)(B) (exception for substantial assistance) is applicable and offers an unfounded formula to come up with a reduction less than that provided under Amendment 750, a sentencing range 175 to 203 months.

At the original sentencing, the Court imposed an imprisonment term of 240 months. In arriving at this sentence, the Court determined that defendant conspired to distribute two kilograms of crack cocaine, which called for a base offense level 38 under USSG § 2D1.1. The Court enhanced four levels based upon two-level enhancements for the use of a minor to commit a crime,

and for being an organizer or supervisor. This resulted in a total offense level 42, combined with a criminal history category II, resulted in a guideline sentence of 240 months.[1]

Defendant's position that the Court should ignore sentencing enhancements previously applied in consideration of a retroactive amendment is mistaken. In determining whether, and to what extent, a reduction under § 3582(c) is warranted, the Court must determine the amended guideline range that would have been applicable if the amendment had been in effect at the time the defendant was sentenced. In making this determination, the Court must substitute only the retroactive amendment for the corresponding guideline provisions that were applied when the defendant was sentenced, and leave all other guideline application decisions unaffected. USSG § 1B1.10(b)(1) and comment. (n. 2). Amendment 750 revised only the drug quantity table found in § 2D1.1(c), which determines only the base offense level. In applying the amended guideline, the Court is limited to this guideline change only, and is not permitted to reconsider or ignore other guideline applications, such as § 2D1.1 enhancements, that are not affected by the amendment. See United States v. Muldrow, No. 08-3232, 306 Fed.Appx. 427, 429 (10th Cir. 2009) (finding that by its terms, § 3582(c) forecloses the district court from reconsidering any other Guideline applications not specifically listed as retroactive under § 1B1.10(c)); see also United States v. Smartt, 129 F.3d 539, 542-43 (10th Cir. 1997) (district court does not have jurisdiction under § 3582(c) to consider collateral sentencing issues).

---

[1] The calculated range was 360 months to life. However, defendant was convicted of an offense that carried a statutory maximum term of 20 years. Pursuant to USSG § 5G1.1(a), the guideline sentence was 240 months because the statutorily authorized maximum sentence was less than the minimum of the applicable guideline range.

Defendant's alternate position that § 1B1.10(b)(2)(B) is applicable is also without merit. In June 2008, defendant moved for reconsideration of the Court's denial of his motion to modify sentence under § 3582(c) and retroactive Amendment 706, arguing, precisely as he does here, that § 1B1.10(b)(2)(B) allows the Court the option to further reduce a sentence below the statutory maximum in a case where the applicable sentencing range exceeded the statutory maximum. The Court denied defendant's § 3582(c) motion to reconsider (Doc. 705), and the Tenth Circuit Court of Appeals affirmed (Doc. 732). This issue is settled. The exception for substantial assistance under § 1B1.10(b)(2)(B) is not applicable because defendant's original sentence was not less than the applicable guideline range based on a government § 5K1.1 motion for substantial assistance.

Retroactive Amendment 750 revises § 2D1.1, reducing the base offense level for many cases involving crack cocaine. The Amendment 750-revised § 2D1.1(c) provides for a base offense level 34 for offenses involving at least 840 grams but less than 2.8 kilograms of cocaine base. Because defendant conspired to distribute two kilograms of crack cocaine, his base offense level is reduced four levels to level 34. With the addition of the same enhancements as applied originally, defendant's total offense level is 38. Total offense level 38 and criminal history category II provide for an amended sentencing range 262 to 327 months. However, defendant is convicted of an offense that carries a maximum statutory sentence of 20 years. Just as in the original sentence, application of § 5G1.1(a) results in a guideline sentence of 240 months because the statutorily authorized maximum sentence is less than the minimum of the revised guideline range under Amendment 750.

Although Amendment 750 is applicable, it does not lower defendant's sentence. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. See USSG §1B1.10(a)(2)(B). As

3

the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

**IT IS THEREFORE ORDERED** that the defendant's motion for reduction of sentence (Doc. 747) is **dismissed for lack of jurisdiction**.

**DATED** this 1st day of February, 2012.

**TERENCE KERN**
**United States District Judge**